## FEDERAL SANITATION CO v FRANKEL

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10497. Decided November 25, 1929

Messrs. Snyder, Henry, Thomsen, Ford & Seagrave, Cleveland, for Federal Sanitation Co.

Messrs. Holliday, Grossman & McAfee, Cleveland, and M. F. Henning, for Frankel. MIDDLETON, P. J. & MAUCK, J. (4th Dist) and HOUCK, J. (5th Dist) sitting.

**MAUCK, J.**

The defendant admits that he has been selling for a rival of the plaintiff in the territory and to the customers referred to, and that he will continue so to do unless restrained by a decree of this court. He attempts to justify his conduct solely on the ground that the contract is uninforcible. He relies in this behalf largely on the principle laid down in **Lufkin Rule Company vs. Frengeli, 57 OS. 596.** In **Lange vs. Werk, 2 OS. 520,** it was settled that contracts in general restraint of trade are illegal, but that one seeking the enforcement of the kind of contract now under consideration may do so provided he show that the restraint is partial only; that it is founded upon a valuable consideration and that its terms are reasonable and not oppressive. These fundamental rules were adhered to in the Lufkin case. In the latter case the contract was denounced because it tended to create a monopoly in the party seeking to enforce it and that opinion only qualifies or clarifies the Lange case by applying the principles of the former to the peculiar circumstances of the Lufkin case.

In the case now before us it is apparent that the restraint is but partial. It only restrains the defendant from soliciting in two states, leaving him at liberty to transact business with all institutions not under Catholic control in the two states mentioned, and leaving him all the world outside these two states. It is predicated upon a sufficient consideration because by virtue of this stipulation he obtained employment on a commission with a weekly advance that at least to some degree helped him to build up and maintain relations with the institutions referred to. It is not oppressive because it leaves him with a vast field to work, part of which he is now actually under contract to work for the rival firm. In the Lufkin case a tendency to monoply was disclosed because in that case the kind of goods being manufactured were goods for which there was a limited demand, restricted to particular sections of the country. In the case at bar there is no such restriction either as to the quantity of goods that may be sold or the place where they may be saleable. The controlling principle under the facts developed by this record are set forth in a note to Samuel Stores vs. Abram, 9 A. L. R. 1450, where on page 1468 it is said:

"It is clear that if the nature of the employment is such as will bring the employee in personal contact with the patrons or customers of the employer, or enable him to acquire valuable information as to the nature and character of the business and the names and requirements of the patrons or customers, enabling him, by engaging in a competing business in his own behalf, or for another, to take advantage of such knowledge of or acquaintance with the patrons or customers of his former employer, and thereby gain an unfair advantage, equity will interfere in behalf of the employer and restrain the breach of a negative covenant not to engage in such competing business, either for himself or for another, providing the covenant does not offend against the rule that as to the time during which the restrain is imposed, or as to the territory it embraces, it shall be no greater than is reasonably necessary to secure the protection of the business or good will of the employer."

It follows that the plaintiff is entitled to the decree prayed for. The same entry will be made in this court as in the Common Pleas.

Middleton, PJ. and Houck, J., concur.